UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD WAYNE BOWLIN,<br><br>Plaintiff,<br><br>v.<br><br>YUBA COUNTY SHERIFF, et al.,<br><br>Defendants. | No.  2:16-cv-2934 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff alleges that "all of the named defendants" . . . "allowed the conditions of confinement to transgress the substantive limits of the concept of human dignity by allowing the plaintiff to consume toxic water that gave him Hepatitis."  (ECF No. 1 at 3.)  Plaintiff claims that the correctional officers at the Yuba County Jail were improperly trained because they denied inmates proper exercise by coming in at 4:00 a.m. and asking if the inmates wanted yard, depriving them of proper sleep and exercise.  In addition, plaintiff states he made several requests to be treated because he felt ill and had severe yellow jaundice, but the correctional officers would not let plaintiff go to medical.  Plaintiff names as defendants the Sheriff of Yuba County, the Yuba County Jail Commander, the Municipal Yuba County Jail, and all employees at the Yuba County Jail.

Discussion

For the following reasons, the court finds the allegations in plaintiff's complaint so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.

First, plaintiff fails to name proper defendants.  Plaintiff cannot simply name "all employees at the Yuba County Jail" or "all correctional officers" as defendants.  Rather, plaintiff must specifically identify the individual who allegedly violated his constitutional rights so that the court may order service of process by the U.S. States Marshal.  Without providing a name, the Marshal is unable to serve the defendant.

Second, plaintiff fails to identify what each defendant did or did not do that allegedly violated plaintiff's constitutional rights.  Plaintiff does not allege whether he was a pretrial detainee or a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") during his housing at the jail.  Plaintiff does not provide dates for either

the alleged constitutional violations or for his jail housing. Plaintiff does not allege how long the alleged violations took place. However, the CDCR inmate locator reflects that plaintiff was admitted to state custody on September 20, 2005; thus, if plaintiff was housed at the Yuba County Jail sometime after 2005, he was in state custody, and the Eighth Amendment would govern his exercise and medical claims.

### Eighth Amendment Claims

To state a claim under the Eighth Amendment for inhumane conditions of confinement, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010). "Deliberate indifference describes a state of mind more blameworthy than negligence" but is satisfied by something "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. Plaintiff must demonstrate first that the seriousness of the risk was obvious or provide other circumstantial evidence that defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1078 (citing Thomas, 611 F.3d at 1150).

### Outdoor Exercise

Outdoor exercise is a basic human need protected by the Eighth Amendment, and the denial of outdoor exercise may violate the Constitution, depending on the circumstances. Richardson v. Runnels, 594 F.3d 666 (9th Cir. 2010); Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010). When an inmate alleges the denial of constitutionally adequate outdoor exercise, the inquiry is fact specific. In determining whether a deprivation of outdoor exercise is sufficiently serious, the court must consider the circumstances, nature, and duration of the deprivation. Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979).

"[T]he Ninth Circuit has not identified a specific minimum amount of weekly exercise that must be afforded" under the Eighth Amendment. Jayne v. Bosenko, 2009 WL 4281995, at *8 (E.D. Cal. Nov. 23, 2009) (citation omitted). Indeed, complete denial of outdoor exercise for a

1  month may not be unconstitutional.  Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir. 1980)
2  (denial of yard time for a month not unconstitutional); May v. Baldwin, 109 F.3d 557, 565-66
3  (9th Cir. 1997) (denial of yard time for 21 days not unconstitutional).  However, for a temporary
4  denial of exercise to be actionable, plaintiff must demonstrate an adverse medical impact.  Lopez
5  v. Smith, 203 F.3d 1122, 1133 n.15 (9th Cir. 2000).

      Thus, plaintiff's allegation that he was offered exercise at 4:00 a.m., standing alone, is insufficient to demonstrate a constitutional deprivation.

### Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id.

      Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer

v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quotation omitted).

"A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Here, plaintiff fails to identify the correctional officer or officers who allegedly denied plaintiff medical treatment, and fails to allege sufficient facts for the undersigned to determine whether he can demonstrate a constitutional violation. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 556 U.S. at 678 (citations and quotation marks omitted).

////

Supervisory Liability

Plaintiff appears to name the sheriff and the jail commander on a theory of supervisory liability. Plaintiff claims that the sheriff and his subordinates failed to properly train the correctional officers at Yuba County Jail. Unless he pleads sufficient facts against these defendants in his amended complaint, these persons will be dismissed. For now, all claims against all persons named in this action are dismissed with leave to amend.

It is difficult to plead claims against high-ranking supervisors unless there are facts showing that they had a personal involvement in any of the allegedly unconstitutional acts. There is no respondeat superior liability under § 1983, see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), which means that a person is not automatically held responsible simply because he or she is a supervisor of an employee who commits a wrong. It is not enough that the supervisor merely has a supervisory relationship over the defendants; plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. Iqbal, 556 U.S. at 675-82. There is nothing in the complaint that indicates personal knowledge or involvement by such supervisory defendants.

Similarly, it is difficult to plead a civil rights claim based on a "failure to train" theory. The Supreme Court has held that a municipality could be liable under a failure to train theory, but only when "a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality -- a 'policy' as defined by [the Court's] prior cases." City of Canton, Ohio v. Harris, 489 U.S. 389 378 (1989).[1] The plaintiff must demonstrate a deliberate or conscious choice by showing that the

---

[1] Local governments, such as the county, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that the policy amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation. See Plumeau v. School Dist. #40

municipality acted with "deliberate indifference." Id. The "deliberate indifference" term in this context is used "for the quite different purpose of identifying the threshold for holding a city responsible for the constitutional torts committed by its inadequately trained agents." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 124 (1992).

In his amended complaint, plaintiff may wish to focus his allegations on the persons with whom he had direct contact, such as particular jail guards or medical staff. He is encouraged to consider the following when amending his complaint: "A person deprives another 'of a constitutional right,' within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation is individualized and focuses on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id.

Leave to Amend

The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each

---

County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

1  named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is
2  some affirmative link or connection between a defendant's actions and the claimed deprivation.
3  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d at 743.
4  Furthermore, vague and conclusory allegations of official participation in civil rights violations
5  are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

      In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's request for leave to proceed in forma pauperis is granted.

    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint on the form provided.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: March 24, 2017

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bowl2934.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD WAYNE BOWLIN, | No. 2:16-cv-2934 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| YUBA COUNTY SHERIFF, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____   Amended Complaint
DATED:

_____
Plaintiff